Number 171967, Candice Pimentel-Soto. Good morning, Your Honors. May I reserve two minutes to reply to the government? Yes. My name is Candice Pimentel-Soto. I am the appellant in this case. The reason why the order imposing sanctions should be reversed in this case is that it was an arbitrary exercise of the district court's inherent power, and therefore an abuse of discretion. Your Honors, there are three independent grounds on which to reach that conclusion. First, a review of the public record of this district court shows a complete lack of uniformity in deciding to sanction an attorney when that attorney had failed to appear at in-court proceedings. When you say the district court, are you referring to this judge, or are you referring to the district court as a whole? It was the different judges, because I don't see where you would have much of an argument that one judge decides to exercise his discretion to impose sanctions, for example, on everybody who is late, and another judge never provides sanctions. That's just different discretion by two different judges. Yes, Your Honor. In my addendum to my reply brief, I submitted evidence of both scenarios, but at this time I will direct my argument to this particular district judge. As it shows in the addendum of my reply brief, this district judge has chosen to not sanction brother counsel when under exact same circumstances as in this case. When I say district court, I'm referring to this particular judge, to be clear on the record. Under exact same circumstances, this district court has ruled that when counsel have argued in a single-page motion that they have entered the incorrect date in their calendar, this district judge has found that cause has been shown for failure to appear, not only at status conference as it happened in this case, but also during sentencing hearings and change of plea hearings. That information is in my reply brief with the docket number and the case number and the date. That has been the ruling of this district court before I was sanctioned in 2015 and even after I was sanctioned in 2015. The issue of this case, we acknowledge the discretion and the power, the inner power that the district court has to sanction attorney to impose respect to the dignity of the court and to maintain order in the court's proceedings. The issue in this case is that there was no attack to the court's dignity and there was no disruption in the court's proceedings. And that this district court has found, under exact same circumstances, that it was justifiable for an attorney to incur in this same mistake, but however, in my case, issues to impose sanction in order to show cause. We had lots of statistics in the last two filings. Could you summarize what you understand to be statistics with respect to the judge before whom you appeared in order? How many, your research has disclosed how many instances in which counsel has failed to show for a court proceeding and what percentage of those resulted in sanctions? Yes, Your Honor. I must make a clarification here that my numbers, my statistics, was a research that I did independently. So it shows more random search and findings. I don't have the universe, but nonetheless, it's very illustrative of how this court has proceeded. I found 33 instances where this particular district judge chose to not sanction counsel when they have failed to appear. And my case was a status conference that lasted less than four minutes where all court questions were answered. In all of those cases, many of them had to do with this positive matter where court resources may have been wasted. I found a total of 33 cases where no sanctions were imposed by this district judge. Twenty-one of them were during status conference. Twelve, my apologies, 31 total, 33 cases where no sanctions were imposed. Twenty-one were on a status conference. Twelve were on dispositive hearings. I need to slow you down. Sorry. Are you saying that 33 cases in which there was a sanction? No sanctions. No sanctions. And then how many in which there was a sanction? According to the government's data, for a single failure to appear, 31 sanctioned. By this judge? By this judge, yes. And I'm discounting because the government submitted around 88 or 89 instances where sanctions were imposed. But as I explained in my reply brief, I submit we have to deduct dispositive matters. We have to deduct when the courts had made a finding that it is repetitive from counsel to be able to compare this situation to the situation where this district judge decided to sanction counsel. If we take the government's numbers, does your argument work with those numbers? Yes, Your Honor. Okay. So in those numbers from the government, you understand there were 89 cases where lawyers did not show for a hearing. And certainly nothing like 100 percent of those resulted in sanctions. Right, but the 89 cases are overall in the district court. It is only 31 that this judge decided to impose sanctions versus 33 that I found independently that does not show the universe of situations that I found that this district judge chose not to sanction under similar or identical circumstances. As recently as 2009, this judge decided to not sanction two brother counsels when they claimed that the district judge did not show for a hearing. They claimed that they kept two calendars, one electronic, one in paper, and they neglected to write down the setting on the paper calendar or vice versa. This judge found that cause has been shown and excused brother counsel for failure to appear. And do I understand from both parties, please, that on some occasions the judge sanctioned sua sponte immediately. On other occasions, an issue to show cause why there should not be a sanction, court issued a show cause order. Well, Your Honor, in 100 percent of the cases where this district judge that I found had decided not to sanction counsel, he has issued an order to show cause. I found from my research, right, again, I don't have the universe of the cases. Two other cases where this judge has not issued an order to show cause. And both of them had been appealed before this court. And that is Romero-Lopez and Enrique Giovanni Plaza and my case. So that shows that when this court has chosen to sua sponte impose sanctions, my argument is that he has incurred an abuse of discretion. And the data submitted before this court shows an arbitrary use of his inert power and, therefore, an abuse of discretion. I have a question. So pursuant to our case law, we've definitely said in the past that sanctioning attorneys requires due process, including notice. So the question I have for you is that, number one, does this court have the right to sanction counsel? One, does the standing order constitute notice? And, number two, assuming it doesn't, does the fact that you filed a motion for reconsideration where you aired your reasons for not being present that were rejected, nonetheless, is that sufficient due process? Well, Your Honor, the standing order I submit does not give me or any other attorney before that district court any notice that if they fail to appear at a single status conference, they will be sanctioned. The standing order states what we all know as attorneys. If you fail to appear, you may be sanctioned. But you may be sanctioned because the circumstances may merit or may not justify the exercise of the sanctioning power of the court. So I submit the standing order does not give notice of that I would have been sanctioned under the circumstances present in this case, where there was no intentional failure to appear, when there was no disruption of the court proceedings. So given that fact, my motion, there is also an important matter, and it is that Local Rule 83E requires, a local rule that was approved by all judges in this district, requires notice. It requires good cause, and it requires prior opportunity to be heard, prior, before the district court sanctioned. I want to call this court's attention to the case of Ingray-Joanne Plaza, where this same district judge, sue-esponte sanctioned Sister Counsel Joanne Plaza, and after a motion for reconsideration was filed, the district court stated, expressly stated, that if he had known, maybe there had been another result implying that he wouldn't have sanctioned Sister Counsel, but since he had already imposed sanction, he denied the reconsideration. So I submit to the court that when a district court imposes a sanction, places itself in a different light, in a different position from reconsidering and reversing itself, and the burden is different from the attorney than when the district court issued an order to show cause and has the opportunity to see the attorney's justification for failure to appear, and then is in a position to decide if he could sanction Sister Counsel. So that is as to the effect of the motion for reconsideration, I submit to the court that that didn't entail a meaningful opportunity for me, under these circumstances, to be heard, because, Your Honor, I filed two motions for reconsideration. The court denied them less than an hour and a half after they were filed, and in both instances, e. The motion for reconsideration made the sanctions more severe in the sense that it shortened the time under which I was ordered to be paid the sanction. The first motion is stated that I had to pay two days later. The second motion for reconsideration, half an hour later, the judge said that I had to pay before noon on the 8th of September. So I submit it wasn't a meaningful opportunity. The court denied the motion for reconsideration.